BAMBERGER COAL CO. v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4285.   Decided October 30, 1925.   (240 P. 1103.)

MASTER AND SERVANT—DEATH OF WORKMAN HELD NOT COMPENSABLE AS CAUSED BY "ACCIDENT." Where it was shown that deceased started work unloading coal in the morning and continued without mishap until noon, and then came into office of employer apparently exhausted, complaining of pain, and asking for assistance to get home, and there was no evidence showing

a fall, strain, overexertion from which it could be reasonably inferred that anything unusual or unexpected had happened to deceased during his employment, *held*, an award on ground that death was caused by "accident" within Workmen's Compensation Act (Comp. Laws 1917, § 3113, as amended by Laws 1919, c. 63), was unauthorized, act contemplating "accident" to be unusual or unexpected happening, out of the ordinary, and definitely located as to time and place.[1]

Proceeding under the Workmen's Compensation Act by Sarah Elizabeth Tullgren for the death of her husband, Jacob Tullgren, claimant, opposed by the Bamberger Coal Company, employer, and the United States Fidelity & Guaranty Company, insurance carrier. From an award made by the Industrial Commission in favor of claimant, the Bamberger Coal Company brings proceedings to review the award.

AWARD ANNULLED.

*Ray & Rawlins*, of Salt Lake City, for plaintiff.

*Harvey H. Cluff*, Atty. Gen., *J. Robert Robinson*, Asst. Atty. Gen., and *K. K. Steffensen*, of Salt Lake City, for defendants.

GIDEON, C. J.

Proceedings to review an award of the Industrial Commission. Sarah Elizabeth Tullgren, widow of Jacob Tullgren, made application to the Industrial Commission for compensation for the death of her husband, claimed to have resulted from an accident while employed by the Bamberger Coal Company. The United States Fidelity & Guaranty Company

---

[1] Citing *Tintic Milling Co.* v. *Ind. Comm.*, 60 Utah, 14, 206 P. 278, 23 A. L. R. 325; *Cherdron Const. Co.* v. *Simpkins*, 61 Utah, 493, 214 P. 593.

Corpus Juris-Cyc. References.

[1]    Workmen's Compensation Acts, C. J. p. 64 n. 10; p. 65 n. 12; p. 115 n. 37.

is the insurance carrier, and for that reason was made a party to the proceeding.

The testimony is not in dispute. It appears that the coal company is engaged in the retail coal business in Salt Lake City. It receives carload shipments of coal at its yards. On the morning of January 31, 1925, Mr. Tullgren applied to the coal company for employment. Under verbal agreement with the foreman of the yard of the coal company he began unloading a car of coal on that morning. The compensation was 15 cents per ton. The coal was to be unloaded at a designated place, and the work was to be completed within 48 hours. The deceased continued at the work of unloading the coal until the noon hour. Nothing appears in the record as to what took place during that time, except that one witness testified that he observed the deceased at his work, and some remark was made to the effect that "this man will give out at the rate he is going on that coal." At the noon hour the deceased came into the office of the coal company in the yard where he had been unloading the coal, and complained of pain in his chest. He asked some one there for a drink of water. He was told there was a hydrant outside. He got up and opened the door, when he remarked "I can't get out there," and returned and sat down. Some one present gave him a drink of water. He took a couple of sips of water, kept on moaning and groaning, and held his chest, and he asked, "Will some one take me home? I am sick." He also said, "Will some one take me to the drug store." One of the teamsters or truckmen present took him home. On his way home Mr. Tullgren said, "I can't make it." He remarked on the way home that he had been out of work for about two months, and thought he overdid himself that forenoon. Mr. Tullgren died within the next 24 hours. A doctor was called, and said, upon examination, that he went over the deceased's chest, but found nothing in the lungs, but the heart was very much enlarged, and was not emptying itself. It was dilated. He described it as what is termed "heart block." The doctor gave it as his opinion that the deceased had a chronic "myocarditis, a chronic inflammation of the

heart muscles." Commissioner Knerr asked the physician this question:

"You think then it was by reason of unloading this car of·coal, big lumps most of it, was the exciting cause of his death? Answer: No; it was the immediate cause."

Two objections are urged against the award. Stated in the language of defendant's brief, they are: (a) Was Jacob Tullgren on January 31, 1925, an independent contractor, or was he an employé of the Bamberger Coal Company? (b) Did Mr. Tullgren die by reason of an accident arising out of or in the course of his employment or by some other cause?

It is conceded that the Bamberger Coal Company is an employer subject to the provisions of the Workmen's Compensation Law of this state (Comp. Laws 1917, §§ 3061-3165). The particular section of the Industrial Act under which compensation is claimed is as follows:

"Every employé * * * who is injured and the dependents of every such employé who is killed by accident arising out of, or in the course of his employment, wheresoever such injury has occurred. * * *" Section 3113, as amended by Laws 1919, c. 63.

It is not necessary as we view this case to consider or determine the first objection raised to the award, as we are of the opinion the award must be annulled upon the second objection. The concrete question here is, Is there any evidence in the record showing an accidental injury? The court had occasion to consider what constituted accidental injury in former decisions. In *Tintic Milling Co.* v. *Ind. Comm.*, 60 Utah, 14, 206 P. 278, 23 A. L. R. 325, in the course of the opinion, the definition of an accident, as found in 1 Honnold, Workmen's Compensation, p. 274, is quoted with approval as follows:

"The word 'accident' refers to the cause of.the injury, and it is here used in its ordinary and popular sense, as denoting an unlooked-for mishap, or an untoward event, which is not expected or designed by the workman himself, as a physiological injury as a result of the work he is engaged in, an unusual effect of a known cause, a casualty. It implies that there was an external act or occurrence which caused the injury or death. It contemplates an event not within one's foresight and expectation resulting in a mishap causing injury to the employé."

Commenting on that excerpt, the court, in the same opinion, speaking through Mr. Justice Thurman, says:

"Where there is any attempt to define the meaning of the word 'accident' as used in compensation acts, the cases cited by plaintiffs are generally in accord with the definition given by Honnold. What is termed an accident must be something out of the ordinary, unexpected, and definitely located as to time and place. If the injury is incurred gradually in the course of the employment, and because thereof, and there is no specific event or occurrence known as the starting point, it is held to be an occupational disease, and not an injury resulting from accident. Such, in the opinion of the writer, is the rule, well sustained by both reason and authority, and is not seriously controverted by any well-considered case cited by either of the parties in the instant case."

In a later case the court referred with approval to the definition of an accident as laid down in the Tintic Milling Company Case. *Cherdron Const. Co.* v. *Simpkins,* 61 Utah 493, 214 P. 593. Applying the facts disclosed by the record to the principles announced in the foregoing cases, can it be said that there is any testimony showing an accidental injury? No showing is made that anything out of the ordinary happened to the deceased during the time he was unloading the car. Assuming, without so holding, that the statements to the truckman by Mr. Tullgren as he was being driven home that he had over-exerted himself can be considered to have any probative value, that testimony nevertheless fails to show anything out of the ordinary or any accident or untoward or unexpected thing that happened during the work of unloading the car. No time or place is given which can be seized upon as showing anything unexpected or unusual happening during the course of the work.

No authority is cited, nor have we found any, which, under a statute similar to ours, upholds an award in the absence of some showing that at a particular time and place something unusual or unexpected or unforeseen had occurred; in other words, that there had been an accident. There is nothing to show a fall, strain, or overexertion on the part of the deceased. So far as the record discloses, he went to work in the morning, and continued without mishap until the noon hour. He then came into the office, where other workmen

were, apparently exhausted, complained of pain, and asked for assistance to get home. No facts are shown from which it can be reasonably inferred that anything unusual or unexpected had happened during the morning hours.

Cases are cited from other jurisdictions as upholding awards made under facts similar to those disclosed by this record. An examination of the statutes of those jurisdictions indicates that in each of the cases cited the court was considering the rights of claimants under statutes different from ours. We are cited to the opinion of the Supreme Court of Connecticut, *Larke* v. *Hancock Mut. L. I. Co.,* 90 Conn. 303, 97 A. 320, L. R. A. 1916E, 584. The statute in force in Connecticut at the time the opinion in that case was rendered read:

"Personal injuries sustained by an employee arising out of and in the course of his employment, or for death resulting from injury so sustained. * * *" Pub. Acts 1913, c. 138, pt. A, § 1.

It will thus be seen that under the Connecticut statute accident was not an element to be considered in determining whether in the case referred to the dependents were entitled to compensation.

We can see no escape from the conclusion that there is no sufficient competent evidence in the record herein to support the award made by the commission. The award is therefore annulled.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.