REYNOLDS v. INDUSTRIAL COMMISSION et al.

No. 5468.   Decided January 6, 1936.   (53 P. [2d] 81.)

*Shirley P. Jones,* of Salt Lake City, and *D. B. Hempstead,* of Washington, D. C., for plaintiff.

*Joseph Chez,* Atty. Gen., and *Grover A. Giles,* Deputy Atty. Gen., for defendants.

PER CURIAM.

After hearing had before the Industrial Commission of Utah upon an application for compensation filed by plaintiff, an order was entered denying compensation. Plaintiff brought the cause here for review. In an opinion heretofore rendered, the action of the commission was affirmed. *Reynolds* v. *Industrial Commission,* 88 U. 186, 27 P. (2d)

28. Thereafter Mrs. Reynolds applied for and was granted a rehearing. Further oral arguments were had and the cause has been re-examined. After again reviewing the record we have concluded that the opinion heretofore rendered and published should stand as the opinion in this cause.

Such is the order.

EPHRAIM HANSON, Justice (dissenting).

I am thoroughly convinced that the death of deceased was due to his fall which occurred during a state of dizziness caused by an acute indigestion. In falling, the right side of Mr. Reynolds' head came in contact with a shelf which caused a mark or skin abrasion above his right ear, and at the same time the base or back of his head struck the cement floor. He was rendered unconscious by the fall. I have read the transcript with the utmost attention, and in my opinion the death of the deceased was accidental, and there is no competent evidence to the contrary. The judgment of no award rendered by the commission is supported solely by the conclusion and opinion of Dr. Alexander. But the doctor's opinion is not based upon any proven facts, but simply from an incomplete examination after Mr. Reynolds was taken to the hospital. All that the doctor did was to look at the wound on the right side of Mr. Reynolds' head, feel his pulse, and look at the pupils of his eyes and determine that there was no parlysis of his arms or legs. The doctor then ordered him stimulated and external heat applied; remained about twenty-five minutes but observed no great deal of change, and then left stating that he would return to complete his examination.

The record is replete with competent evidence tending strongly to show that Mr. Reynolds' death was accidental. I think the case should be set down for reargument.

194

MOFFAT, Justice (dissenting).

When the opinion in the case of *Reynolds* v. *Industrial Commission*, 88 U. 186, 27 P. (2d) 28, was handed down I concurred therein solely upon the ground that I thought the case of *Bamberger Coal Co.* v. *Industrial Commission*, 66 Utah 203, 240 P. 1103, was controlling. While the *Bamberger Case* is not referred to in the Reynolds Case, the two cases were so nearly analogous that at that time I felt bound by the decision in the Bamberger Case. The Reynolds Case was handed down by this court on November 23, 1933. Since that time the case of *Hammond* v. *Industrial Commission*, 84 Utah 67, 34 P. (2d) 687, has been handed down; the latter case being decided July 16, 1934. I concurred in the Hammond Case believing that the doctrine there presented was more in accordance with the spirit of the Industrial Act (Comp. Laws 1917, § 3061 et seq., as amended), and came nearer doing justice to injured employees subject to the act than did the rule laid down in the *Bamberger Case*, and I therefore concurred in the case of *Hammond* v. *Industrial Commission*. I am of the opinion that the doctrine laid down in the *Hammond Case* is controlling in this case, and I therefore think the order of the commission denying compensation should be vacated and the cause remanded.