**207 P.2d 1023**

### CARLSON v. BATTS et al.

#### No. 7488.

Supreme Court of Idaho.

July 5, 1949.

E. B. Smith, Boise, Walter Oros, Boise, for appellant.

Chas. E. Horning, Wallace, Eugene F. McCann, Wallace, for respondents.

TAYLOR, Justice.

On the 4th and 5th days of March, 1948, the appellant, a carpenter, was employed in floor finishing. The floor had been sanded by machine, after which, the appellant, working on his knees, with sandpaper held in his left hand, was engaged in finishing and smoothing the floor. He worked in this manner for approximately five hours on the 4th and the same length of time on the 5th. Appellant testified that the skin on his left knee became tender from sliding around on the floor; that, to his knowledge, he did not bump the knee; that the floor was perfectly smooth; that there were no rough objects above the surface of the floor on which he struck his knee; that he had not done that type of work before; that he felt no sudden pain; that both knees got tired from sliding on the floor; that when he arose from the floor at the end of his day's work on the 5th he noticed the left knee was a little stiff; that when he retired he noticed a small amount of swelling on the left knee; that he went to work on the 6th and also the following week; that the swelling increased day by day; that he went to a doctor on the morning of the 17th and was hospitalized on the morning of the 18th. He was in the hospital one day at that time and two weeks later he was again hospitalized for a period of seventeen days and after another period of two weeks he was again hospitalized for a period of twenty-nine days. The attending physician, Dr. Mowery, diagnosed the injury as bursitis, and described it as an inflammation or bruising of the bursa at the knee, caused by the continuous pressure required in carrying claimant's weight while working on his knees. Dr. Fitzgerald, after making an examination of the claimant, while he was in the hospital, testifying for the respondents, likewise characterized the injury as bursitis.

There was considerable testimony on the part of both doctors concerning the presence or absence of other contributing factors, specifically referring to arthritis and tuberculosis. The board found that:

"During his employment claimant did not receive a bump nor did he attribute the contusion of his knee to a single, unexpected, undesigned or unlooked-for mishap or untoward event. His attending physician attributed his injury to persistent and continuous bruising while claimant, crawling on his knees, was finishing the floor.

"Claimant's bursitis did not result from an unexpected or undesigned event or circumstance, but from an aggravation of a pre-existing bodily weakness, infirmity or susceptibility by usual working motions and

458

movements while he was doing his regular work in a normal way."

The question as to whether or not the evidence sustains the finding of an aggravation of pre-existing bodily weakness, infirmity or susceptibility, becomes relatively unimportant if the facts are not sufficient to establish that the injury was the result of an "accident." An "accident" is defined by section 72-201 I. C., of the Workmen's Compensation Law, as follows: " 'Accident,' as used in this law, means an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely located as to time when and place where it occurred, causing an injury, as defined in this law."

We are of the opinion that the facts of this case do not warrant the conclusion that appellant's injury was the result of an "accident." McNeil v. Panhandle Lumber Company, 34 Idaho 773, 203 P. 1068; Aldrich v. Dole, 43 Idaho 30, 249 P. 87; In re Larson, 48 Idaho 136, 279 P. 1087; Cook v. Winget, 60 Idaho 561, 94 P.2d 676; Pinson v. Minidoka Highway District, 61 Idaho 731, 106 P.2d 1020; Wade v. Pacific Coast Elevator Company, 64 Idaho 176, 129 P.2d 894; Stevens v. Village of Driggs, 65 Idaho 733, 152 P.2d 891; Sonson v. Arbogast, 60 Idaho 582, 94 P.2d 672; Walters v. City of Weiser, 66 Idaho 615, 164 P.2d 593; Oklahoma Leader Co. v. Wells, 147 Okl. 294, 296 P. 751; Imperial Refining Co. v. Buck, 155 Okl. 25, 7 P.2d 908; Bamberger Coal Co. v. Industrial Comm. of Utah, 66 Utah 203, 240 P. 1103; Chalfant v. Arens, 167 Or. 649, 120 P.2d 219.

In the case of Aldrich v. Dole, supra, the claimant, a truck driver, because of worn gears, found it necessary to press the shift lever of the truck with his right knee in order to travel at high speed. While so doing, the cogs frequently slipped out of mesh and caused the lever to strike the knee. The striking and vibrating of the lever against the knee over a period of time caused the injury. It was held that the injury arose out of an accident. In that case, however, the agency causing the injury was active and external to the claimant and the defective mechanism subjected him to an unexpected, undesigned and unlooked-for series of bumps.

This case is also to be distinguished from the so called silicosis cases, which arose before the 1939 Act (S.L. '39, ch. 161), such as Brown v. St. Joseph Lead Company, 60 Idaho 49, 87 P.2d 1000, and Howard v. Texas Owyhee Mining & Development Co., 62 Idaho 707, 115 P.2d 749. Those cases proceeded upon the theory that the presence of silica in the air where the claimants worked was largely preventable and for that reason silicosis was not necessarily an occupational disease, and that failure of the employer to effectively eliminate the dust subjected the employee to an unexpected, undesigned and unlooked-for occurrence of silicosis. Thus, although

negligence is not the basis of, nor an essential to, the right of recovery, it may be an important factor in characterizing the resulting injury as accidental. In the present case there was no active agent present, external to the claimant himself, which could be said to be an important factor in his injury.

The order is affirmed.

GIVENS and KEETON, JJ., concur.

PORTER, Justice (dissenting).

I consider that the injury to appellant's left knee, caused by the cumulative effect of a series of bruises, each relatively slight, was the result of an accident as I interpret the principles announced in McNeil v. Panhandle Lumber Co., 34 Idaho 773, 203 P. 1068, and approved and followed in the Idaho cases cited in the majority opinion. See also Associated Employers' Reciprocal v. State Industrial Comm., 88 Okl. 249, 212 P. 604; Lovell v. Williams Bros., Mo. App., 50 S.W.2d 710.

The majority opinion introduces into the definition of an accident, the factor of an "active agent present, external to the claimant," which I do not find justified by our decisions. The ruling of the Industrial Accident Board should be reversed.

I am authorized to say that Chief Justice HOLDEN joins in this dissent.