942 P.2d 554

**Robert R. COMBES, Claimant–Respondent,**

v.

**STATE of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Appellant.**

**No. 23117.**

Supreme Court of Idaho,
Boise, April 1997 Term.

July 21, 1997.

Alan G. Lance, Attorney General, Boise; Mallea & Scrivner, Boise, for appellant. Kenneth L. Mallea argued.

Cantrill, Skinner, Sullivan & King, Boise, for respondent. Gardner W. Skinner, Jr. argued.

McDEVITT, Justice.

This is an appeal by the State of Idaho, Industrial Special Indemnity Fund (ISIF), of an Industrial Commission (Commission) decision holding ISIF liable for an apportionment of Robert R. Combes's (Claimant) worker's compensation benefits after the Commission determined that Claimant had sustained an industrial accident.

## I.

### FACTS AND PRIOR PROCEEDINGS

Claimant was raised on a farm. While working on the farm as a teenager Claimant had runny eyes and coughing episodes. Claimant had been a smoker most of his adult life, until 1991. After the 12th grade, Claimant went into construction work, working for a number of contractors, where he became a heavy equipment operator. In 1979 he commenced work for Yanke Machine Shop (Yanke), operating heavy equipment, cranes, draglines, backhoes, bulldozers and driving trucks.

Claimant's work for Yanke was on numerous sites, shopping centers and Yanke farms and ranches.

In 1986, while operating a bulldozer in a sagebrush area for Yanke, Claimant experienced asthma symptoms, which cleared upon leaving the dusty area. At that time, Claim-ant met Dr. Ganier, at the insistence of his wife.

From 1987 to 1990 Claimant worked for Yanke on power plants in California. He only worked for one month per year on Yanke ranch operations. Throughout the period 1987 to 1990 Claimant never missed work and never again saw a medical doctor complaining of breathing problems. At this time Claimant relied upon Primatene Mist and Ventolin to control and stabilize his condition.

Claimant next saw Dr. Ganier in February, 1992.

Claimant testified that his condition became progressively worse from 1986 until present.

From February, 1992 until November, 1992, Claimant worked predominantly at the Yanke Y-3 Ranch in Bellevue, Idaho, where he experienced increasing respiratory problems, even though he used dust masks, his prescribed medication and over the counter Primatene Mist. In October, 1992, Claimant worked on the Nashua trailer home project, which involved clearing of sagebrush and trash, using a Cat without a cab. This was extremely dusty. Claimant experienced increased respiratory problems while on this job site. From November 9th until the day before Thanksgiving 1992, Claimant worked continuously at the Nashua project, using inhalers approximately every 30 minutes.

The day before Thanksgiving 1992, Claimant transported a crane from Boise to Cascade, Idaho, and he experienced difficulty breathing during that trip. He worked Thanksgiving day and then returned to Boise that evening. His breathing was labored on the trip home. Upon arriving at Boise, Claimant and his wife went to their home at Magic Reservoir, where on Monday, Claimant returned to Boise and to St. Alphonsus Hospital where he was diagnosed as suffering from Asthmaticus, was hospitalized from November 29, 1992, until December 5, 1992.

On appeal we must address the issue raised by ISIF as to whether the Commission erred in holding as a matter of law that Claimant suffered a compensable accident.

## II.

### STANDARD OF REVIEW

 On appeal this Court reviews whether the Commission properly applied the law to the facts of the case when it concluded that Claimant sustained an accident arising out of and in the course of his employment. To the extent an appeal involves questions of fact, we defer to the factual findings of the Commission, so long as they are supported by substantial and competent evidence. *Drake v. Industrial Special Indem. Fund,* 128 Idaho 880, 881, 920 P.2d 397, 398 (1996). We review questions of law freely. *Id.* To determine whether an accident occurred arising out of and in the course of Claimant's employment, the Court determines whether the Commission correctly applied the law of the worker's compensation to the facts determined by the Commission. *Reinstein v. McGregor Land & Livestock Co.,* 126 Idaho 156, 158, 879 P.2d 1089, 1091 (1994).

## III.

### THE CLAIMANT DID NOT SUSTAIN AN INJURY CAUSED BY AN ACCIDENT

The Commission, in its Findings of Fact and Conclusions of Law, held in the Conclusions of Law: "The Commission concludes that Claimant's exposure to dust, grasses, mold, animal danders and pollens, in the three to six months prior to November 1992, constitute an accident...."

The Commission relies upon its interpretation of this Court's decisions in *Brooks v. Standard Fire Ins. Co.,* 117 Idaho 1066, 793 P.2d 1238 (1990), *Nelson v. Ponsness–Warren Idgas Enter.,* 126 Idaho 129, 879 P.2d 592 (1994), and *Langley v. Industrial Special Indem. Fund,* 126 Idaho 781, 890 P.2d 732 (1995), to support its legal conclusion.

The Commission misperceived the holdings of this Court in those decisions.

Idaho Code § 72–102(15)(b) defines "accident" as follows:

"Accident" means an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs and which can be reasonably located as to time when and place where it occurred, causing an injury.

 Nowhere in the Commission's Findings of Fact do they find an "unexpected, undesigned, and unlooked for mishap, or untoward event ... reasonably located as to time and place where it occurred, causing an injury." The statement of the Commission in its Conclusions of Law that "Claimant's exposure to dust, grasses, mold, animal danders and pollens in the three to six months prior to November 1992, constitute an accident" is the only holding of the Commission that an accident occurred. This statement clearly does not meet the definition of accident as contained in I.C. § 72–102(15)(b).

The Commission misapplies the law as stated by this Court in the *Brooks, Nelson,* and *Langley* decisions. In *Brooks,* this Court held that an "accident" occurred because the claimant's wrist had healed from a prior fracture occasioned by his work and was subsequently refractured, each of which events were reasonably fixed in the findings of fact as to time, place, and manner in which they occurred. There was no pre-existing condition in *Brooks,* Brooks's wrist had healed prior to the second fracture. In *Nelson* this Court held:

Although we found in *Brooks* that the claimant had suffered an accident, we do not hereby endorse the theory that a series of mini-traumas constitutes an accident. Unless a claimant seeking compensation for the aggravation of a preexisting condition proves that an accident as defined in I.C. § 72–102(15)(b), aggravated the preexisting condition, as Nelson has failed to do in this case, the claimant is not entitled to compensation.

*Nelson,* 126 Idaho at 133, 879 P.2d at 596.

In *Langley,* the claimant had a pre-existing knee injury occasioned by a 1987 industrial accident. *Langley* argued that repetitive bending and twisting motions aggravated his knee injury and constituted an accident under I.C. § 72–102(15)(b). The Commission found that the claimant had not proven the occurrence of an "accident." On appeal, the claimant cited *Brooks* to support his argu-

ment that the "repetitive bending and twisting motions aggravated the knee injury and caused an accident" under the provisions of I.C. § 72–102(15)(b). That interpretation was rejected by this Court:

> In *Brooks*, this Court upheld a Commission ruling that found Brooks' refracture of his wrist was a compensable injury under I.C. § 72–102(15). In *Brooks*, the claimant provided expert medical testimony that, after an earlier fracture healed, his wrist was refractured by a series of minor injuries to the wrist which occurred while unloading trucks in the course of his employment.
>
> This Court recently clarified our *Brooks* holding in *Nelson v. Ponsness–Warren*. In *Nelson*, the Commission ruled that a series of micro traumas caused by the repetitive motions of Nelson's job constituted an industrial accident under *Brooks*. In overruling the Commission's decision, this Court held that *Brooks* does not stand for the proposition that a series of micro traumas constitutes an accident.
>
> In *Brooks*, the claimant provided medical testimony that he suffered a *new* injury after the old injury healed. . . .
>
> In contrast, Nelson had been diagnosed with carpal tunnel syndrome in 1980 but refused corrective surgery. . . . However, unlike the claimant in *Brooks*, Nelson did not provide any medical evidence connecting the aggravation of her carpal tunnel syndrome to 'an unexpected, undesigned, and unlooked for mishap, or untoward *event*, reasonably identifiable as to the time when the place where it occurred.' Under the circumstances here, aggravation of Langley's existing injury was *not* an unexpected, undesigned, unlooked for mishap or untoward event.

*Langley*, 126 Idaho at 785–86, 890 P.2d at 736–37 (citations omitted).

In the present case, there is no finding of an "accident" within the terms of I.C. § 72–102(15)(b) [1] and the actions cited by the Commission are not sufficient to support the finding of an "accident" as defined by the statute and interpreted by this Court.

1. As of January 1, 1997 amended. Now appears

## IV.

## OCCUPATIONAL DISEASE

On appeal, Claimant argues that if the events found by the Commission do not constitute an "accident" under the statutory provisions this Court should uphold the award to the Claimant on the basis that it is an occupational disease.

The Claimant did not raise this theory before the Commission, but addressed it for the first time in its brief and argument to this Court. This Court will not address issues raised for the first time on appeal. *Smith v. Meridian Joint Sch. Dist.*, 128 Idaho 714, 720, 918, P.2d 583, 589 (1996).

## V.

## CONCLUSION

The decision of the Commission is reversed. This matter is remanded.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.