979 P.2d 655

**James DEMAIN, Claimant–Respondent,**

v.

**BRUCE McLAUGHLIN LOGGING, Employer, and Associated Loggers Exchange, Surety, Defendants–Appellants.**

No. 24351.

Supreme Court of Idaho,
Boise, January 1999 Term.

April 2, 1999.

Rehearing Denied May 25, 1999.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for appellants. Glenna M. Christensen argued.

Grow & Arnold, P.L.L.C., Lewiston, for respondent. James C. Arnold argued.

SCHROEDER, Justice

This is a workers' compensation case. The employer, Bruce McLaughlin Logging, and its surety, Associated Loggers Exchange (collectively the Employer or McLaughlin) appeal a decision by the Industrial Commission (Commission) that James DeMain (DeMain) sustained an occupational disease entitling him to compensation under Idaho's Workers' Compensation Law.

I.

## BACKGROUND AND PRIOR PROCEEDINGS

DeMain worked as a skid operator for Triplett Logging for 13½ years beginning in 1970. A skidder is a tractor-type device with a blade on the front for removing limbs from the trunk of trees. It is also used to haul trees out of the woods after they are cut down. DeMain suffered an injury to his back in 1976 while working for Triplett Logging. He was absent from work for three weeks as a result of the injury.

DeMain began his employment with McLaughlin in 1985. He operated cable skidders for a couple of years and then a grapple skidder. The operator of a cable skidder sits in a seat with a back and drives forward to grasp trees. A grapple skidder operator sits sideways in order to see when backing up to grab fallen trees. Skidder operators often collide with tree stumps, giving the operators a sharp jolt as well as the usual vibrations while operating the skidder. The grapple skidder DeMain operated did not have a suspension system for the seat, nor did the seat have a very high back or any arm rests.

DeMain complained to his supervisor on two separate occasions about back pains he had been experiencing. The Referee found that DeMain's "primary back complaints stemmed from the time period after he began operating the grapple skidder." DeMain testified that he had constant lower back pain during and after work and that the pain was so severe that he was concerned that he might be doing permanent damage to his body.

On June 19, 1991, DeMain was backing up to grasp a load of trees when he hit a tree stump and felt pain ripple through his body. He testified that later that day, he and his wife decided "it just wasn't worth it any-

more" and that it "really was not worth endangering his health," so he decided to quit his job.

On June 26, 1991, after quitting his job, DeMain saw his physician, Dr. John E. Riley, complaining of lower back pain and numbness in his right leg. According to Dr. Riley, DeMain was "already looking for another line of work" at that time, and Dr. Riley strongly concurred with him doing so.

DeMain filed a Notice of Injury and Claim for Benefits on July 19, 1991, alleging an occupational disease. He later filed an Application for Hearing, claiming that he had "sustained repetitive trauma to the spine in his occupation as skidder operator" and that he was suffering from "degenerative disc disease in his back and sciatica." DeMain filed an Amended Workers' Compensation Complaint nearly three years later on May 5, 1994, alleging that he had suffered a work-related accident and injury on June 19, 1991.

A hearing was held on June 10, 1994, in which the sole issue was whether DeMain suffered from a compensable occupational disease and whether the Employer had unreasonably denied his claim for benefits. The Referee submitted recommended Findings of Fact, Conclusions of Law, and Proposed Order, which was adopted by the Commission on November 14, 1994. The Commission determined that DeMain suffered from a pre-existing degenerative disc disease and a herniated disc, but that the disease was asymptomatic at the time he first started working for McLaughlin. The Commission characterized DeMain's pre-existing condition as a "weakness or susceptibility." It then determined that the prolonged vibrations DeMain was exposed to while operating the skidder for McLaughlin caused repetitive trauma to his spine, and that this repetitive trauma and the injury he sustained from the accident on June 19, 1991, aggravated or "lit up" his pre-existing condition to the extent that it incapacitated him. Because the repetitive trauma and the accident "lit up" or aggravated DeMain's pre-existing weakness to the point of incapacitation, the Commission concluded that DeMain had met his burden of proof that he had contracted an occupational disease which arose out of his employment.

The Employer filed a Motion for Reconsideration which DeMain opposed. On October 26, 1995, the Commission issued its Order on Reconsideration and Erratum, determining that DeMain "suffered a series of exposures to frequent jarring, vibration and machine-induced physical stress including a notable exposure on June 19, 1991, sufficient to constitute a hazardous exposure" under the workers' compensation laws. It also determined DeMain's "injurious exposure during the year prior to [his] disablement is clearly work related," and that "developing *acute* degenerative disk disease is a risk peculiar" to his occupation. In sum, the Commission concluded that DeMain "suffered [from] a work-related occupational exposure that caused his disabling, acute degenerative disk disease;" therefore, he was entitled to compensation. However, the Commission modified its original decision by refusing to decide the issue of whether DeMain had suffered an "accident" on June 19, 1991, because the issue had not been properly noticed for hearing.

A subsequent hearing addressed the remaining issues which were resolved in an order entered October 28, 1997. The October 28, 1997, order was a final decision as to all issues in the case. The Employer appealed from the Commission's order filed November 14, 1994, and its Order on Reconsideration filed October 26, 1995.

## II.

### STANDARD OF REVIEW

"In any review of a decision by the Industrial Commission, the Court will review questions of fact only to determine whether substantial and competent evidence supports the Commission's findings and will exercise free review over questions of law." *Ogden v. Thompson*, 128 Idaho 87, 88, 910 P.2d 759, 760 (1996) (citations omitted).

## III.

### THE COMMISSION ERRED IN FAILING TO APPLY *NELSON v. PONSNESS–WARREN* TO THE FACTS IN THIS CASE.

In *Nelson v. Ponsness–Warren Idgas Enterprises*, 126 Idaho 129, 879 P.2d 592 (1994), this Court ruled:

Unless a claimant seeking compensation for the aggravation of a preexisting condition proves that an accident as defined in I.C. § 72–102(15)(b), aggravated the preexisting condition, ... the claimant is not entitled to compensation.

*Id.* at 133, 879 P.2d at 596. In *Nelson* the Court ruled that the claimant failed to establish that aggravation of her pre-existing condition (carpal tunnel syndrome) was precipitated by an industrial accident. Consequently, she was not entitled to compensation. *Id.* The Court rejected the argument that a series of mini-traumas caused by the repetitive motions of claimant's job constituted an accident. *Id.*

In its initial opinion in this case the Commission attempted to distinguish *Nelson* by emphasizing that the claimant in *Nelson,* unlike DeMain, suffered from a pre-existing occupational disease, whereas, DeMain only suffered from a pre-existing weakness or susceptibility. Because the claimant's condition in *Nelson* was "symptomatic" prior to her employment, whereas, DeMain's pre-existing condition (degenerative disc disease) was "asymptomatic" prior to his employment, the Commission concluded that *Nelson* was not applicable to this case.

Although the evidence in *Nelson* established that the claimant suffered from a pre-existing occupational disease, the holding in *Nelson* is not limited to those cases where the pre-existing condition amounts to an occupational disease. In *Nelson* the court relied on several earlier cases in reaching its decision, including *Carlson v. Batts,* 69 Idaho 456, 207 P.2d 1023 (1949). In *Carlson* the Court held that in order to receive compensation for aggravation of a "pre-existing bodily weakness, infirmity or susceptibility" a claimant must establish that the aggravation or injury was the result of an accident. *Id.* at 458, 207 P.2d at 1025. The reliance on *Carlson* indicates that the holding in *Nelson* extends to all pre-existing conditions, whether they are occupational diseases or simply weakness or susceptibilities. This Court recently clarified this point in *Reyes v. Kit Manufacturing Co.,* 131 Idaho 239, 953 P.2d 989 (1998), when it stated:

The essence of *Nelson* is that a preexisting occupational disease is just like any other preexisting condition. For a current employer to be liable for the aggravation of the condition, there must be an accident. *Id.* at 241, 953 P.2d at 991. The Commission erred by concluding that *Nelson* applies only to those cases involving pre-existing occupational diseases.

DeMain argues that in its Order on Reconsideration the Commission abandoned its finding that he suffered from a pre-existing condition and, therefore, *Nelson* does not apply. He points out that nowhere in the Order of Reconsideration does the Commission use the term "aggravation," "pre-existing condition" or "pre-existing weakness." Citing to section 72–718 of the Idaho Code (I.C.), DeMain argues that the Commission's Order on Reconsideration is final, and the extent to which it adopts the Referee's prior Findings of Fact, Conclusions ·of Law and Proposed Order of November 14, 1994, is only to the extent that they are consistent.

Section 72–718 supports DeMain's argument that the filing of the Order on Reconsideration constitutes a final decision, but this section gives no further guidance with regard to whether an Order on Reconsideration is meant to supersede, or merely supplement or modify, the Commission's original decision. The language in the Commission's Order on Reconsideration indicates that it was meant to supplement, and modify in some respects, its original decision. For example, the Commission stated in its Order on Reconsideration:

The Commission adheres to its original decision that [DeMain] suffered a work-related occupational exposure that caused his disabling, acute degenerative disk disease. As to whether or not Claimant suffered an "accident" on June 19, 1991, the Commission modifies its original decision. Claimant alleged an accident in his amended Complaint filed May 6, 1994. Claimant did not request a hearing on this issue; therefore this issue was not included in the original Notice of Hearing. That issue was not raised by Claimant until after the hearing. Therefore, it is not before the Commission.

The Commission also made a few grammatical changes to the Referee's Findings of Fact, Conclusions of Law and Proposed Order of November 14, 1994, further indicating its desire to modify its original decision, not supersede it.

Contrary to DeMain's position, the Commission did not abandon its original finding that DeMain suffered from a pre-existing condition. In its original decision, the Commission stated: "It is clear that [DeMain] suffered from a pre-existing herniated disk as well as degenerative disk disease...." In its Order on Reconsideration the Commission stated that it "adheres to its original decision that [DeMain] suffered a work-related occupational exposure that caused his disabling, acute degenerative disk disease." This latter statement is consistent with the first statement. There is nothing to indicate that the Commission abandoned its initial finding that DeMain suffered from a pre-existing condition. There is substantial, competent evidence to support that finding.

The Court concludes that the Commission erred in refusing to apply *Nelson* to this case. Because there is no finding by the Commission that an industrial accident occurred, the Commission's decision awarding DeMain workers' compensation is reversed.

### IV.

### THE COURT WILL NOT OVERRULE *NELSON*.

DeMain argues that *Nelson* is inconsistent with *Bowman v. Twin Falls Construction Co., Inc.*, 99 Idaho 312, 581 P.2d 770 (1978), and should be overruled. In discussing the issue of apportionment, the Court in *Bowman* held: "When one's employment aggravates, accelerates or 'lights up' a pre-existing disease so that total permanent disability results, the employee is entitled by statute to 100% disability benefits." *Id.* at 316, 581 P.2d at 774. The Court concluded that, even though the inhalation of dust during claimant's employment was a slight rather than a major contributing cause of claimant's resultant total disability, he was entitled to compensation benefits. *Id.* *Bowman* did not indicate that a claimant had to prove an industrial accident before he would be entitled to compensation for aggravation of his pre-existing disease.

This Court recently entertained a request to overrule *Nelson* in *Reyes*, and, by unanimous decision, refused to do so. Similar to DeMain, the claimant in *Reyes* argued that the Idaho Legislature intended its occupational disease statutes to cover aggravation of pre-existing conditions. *Id.* at 240, 953 P.2d at 990. The *Reyes* court rejected this argument, stating:

Nothing in these statutes indicates an intent to require that an employer who employs an employee who comes to the employment with a preexisting occupational disease will be liable for compensation if the employee is disabled by the occupational disease due to an injurious exposure in the new employment.

The essence of *Nelson* is that a preexisting occupational disease is just like any other preexisting condition. For a current employer to be liable for the aggravation of the condition, there must be an accident.

*Id.* at 241, 953 P.2d at 991. The *Reyes* court recognized that in the recodification of the workers' compensation law in 1971, the Idaho Legislature had eliminated the "last employer liable" statute, specifically the language that read: "[T]he employer in whose employment the employee was last injuriously exposed to the hazards of such disease shall be liable therefor." *Id.* (quoting 1939 Idaho Sess. Laws ch. 161, § 2, p. 286, 290; 1965 Idaho Sess. Laws ch. 152, § 1, p. 292, 293). The Court stated that "[t]his deletion from the statutes governing compensation for occupational disease indicates the intent of the legislature to change the liability for occupational disease," *id.*, "and treat occupational diseases as any other preexisting condition when aggravation occur[s] in subsequent employment." *Id.* at 242, 953 P.2d at 992.

The Court declines the request to overrule *Nelson* and *Reyes*. They represent the precedent in this area which the Court will follow. To the extent *Bowman* is inconsistent, *Bowman* is overruled.

## V.

## CONCLUSION

The decision of the Commission awarding DeMain workers' compensation is reversed.

Chief Justice TROUT and Justices SILAK, WALTERS and KIDWELL, CONCUR.