153 P.3d 1175

**Thomas C. DILULO, Claimant–Appellant,**

v.

**ANDERSON & WOOD COMPANY, INC., Employer and Continental Casualty Company, Surety, Defendants–Respondents.**

No. 32499.

Supreme Court of Idaho,
Boise, February 2007 Term.

Feb. 23, 2007.

Thomas C. Dilulo, pro se appellant.

Moffatt, Thomas, Barrett, Rock & Fields, Chartered, Boise, for Respondents. Mark C. Peterson argued.

SCHROEDER, Chief Justice.

This is an appeal from a decision of the Industrial Commission regarding payment for Thomas C. Dilulo's (Dilulo) future medical treatment for injuries caused by a backhoe accident while working for Anderson & Wood (Anderson).

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1994 Dilulo initially injured his back in an industrial accident. Since that time he has intermittently visited a chiropractor. In November 2000 he was thrown around in the cab of a backhoe that tipped up onto two wheels causing injury to his back, neck, and ribcage. In 2002 he was involved in a serious electrical shock accident that caused pain throughout his entire body. Due to the severe nature of his injuries Dilulo has not been able to work since the 2002 accident. The electrical shock claim was settled, and the settlement agreement stated that Dilulo was in "perfect health" prior to the accident. Dilulo claims that he never read the settlement agreement.

Following the 2000 backhoe accident Dilulo saw a doctor who noted that he had multiple level disc disease uncommon for his age due to heavy physical labor. The doctor diagnosed cervical and thoracic ligamentous muscle strains, a rib fracture, lumbar degenerative disc disease, and possible acute L4–5 disc protrusion. Dilulo's work was limited while he underwent physical therapy treatment. In January 2001 the doctor released Dilulo to a full day of work with a 50 pound lift restriction. The doctor noted that he

believed the injured disc came from the accident and that it could rupture through activities at home or reasonable recreational activities. Dilulo did not seek further treatment for his back pain until after the electric shock accident in 2002.

At an Industrial Commission hearing the referee found that Dilulo failed to provide evidence that he was entitled to further medical treatment. The Commission adopted the findings of the referee. Dilulo appeals to this Court claiming that Anderson should have to pay for future medical treatment for his back.

## II.

### STANDARD OF REVIEW

 When this Court reviews a decision from the Industrial Commission, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. *Spencer v. Allpress Logging, Inc.*, 134 Idaho 856, 859, 11 P.3d 475, 478 (2000) (citing *Ogden v. Thompson*, 128 Idaho 87, 88, 910 P.2d 759, 760 (1996)). Whether the Commission correctly applied the law to the facts is an issue of law over which this Court exercises free review. *Konvalinka v. Bonneville County*, 140 Idaho 477, 478, 95 P.3d 628, 629 (2004) (citing *Combes v. State, Indus. Special Indem. Fund*, 130 Idaho 430, 432, 942 P.2d 554, 556 (1997)).

## III.

### THE FINDINGS OF THE INDUSTRIAL COMMISSION ARE SUPPORTED BY SUBSTANTIAL COMPETENT EVIDENCE

The referee made and the Industrial Commission adopted two findings that Dilulo contests. He maintains that he requires further medical treatment due to the backhoe accident; and that he should have an independent medical examination (IME) recommended by Dr. Rudd.

 An employer must provide reasonable medical care to an injured employee as required by the employee's physician for a reasonable time following an injury. I.C. § 72–432(1). The claimant must provide medical testimony that supports a claim for compensation to a reasonable degree of medical probability. *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000). For these purposes "probable" is defined as having more evidence for than against. *Id.* Physician opinions are not binding on the Commission but are advisory. *Id.* The medical treatment required by the rule is meant to indicate "all steps taken in order to effect a cure of an injury or disease." *Reese v. V–1 Oil Co.*, 141 Idaho 630, 634, 115 P.3d 721, 725 (2005).

The referee was unable to locate any physician's opinion stating that Dilulo was in need of further medical care for any condition attributable to his backhoe accident. Dilulo relies upon a letter dated April 12, 2001 where Dr. Rudd stated:

> The canal is narrowed but not enough to warrant surgery, however, I believe that that injured disc came from the accident and we should be cautious about the prognosis in Mr. Dilulo's case. Specifically, he could break down the disc and rupture it in personal activities at home or even reasonable recreational activities, and I believe a provision needs to be made to cover any future problems with the L4–5 disc that Mr. Dilulo should develop.

In a later letter dated November 29, 2004, Dr. Rudd wrote:

> I do not have the scans to directly compare one to another, but it does not appear that there was any progression of the L4–5 disc bulge in that intervening 20 months, and therefore I conclude that the patient was indeed stable with no residual permanent impairment from his November 29, 2000 injury.
>
> * * *
>
> I recommend that he consider having an IME to put together his full medical history and reconcile the different points of view . . .

 The Commission's finding that Dilulo does not need further medical treatment is supported by the evidence from many phy-

**832**

sicians. Treatment is not defined as steps taken to determine causation, but steps taken to cure the injury or disease. *See Reese v. V–1 Oil Co.,* 141 Idaho 630, 634, 115 P.3d 721, 724 (2005) ("treatment is a broad term and is employed to indicate all steps taken in order to effect a cure of an injury or disease."). The quoted portions of the letters from Dr. Rudd are the only indications that Dilulo may need future treatment for his L4–5 disc; neither letter indicates that he has a present need for medical treatment. There are records indicating that Dilulo's C5–6 disc requires treatment, but there is no indication that this was caused by the backhoe incident. Dr. Rudd's letter states that Dilulo should have an IME in order to resolve workers compensation issues and determine the current state of his L4–5 disc. The referee found that this recommendation of an IME is not compensable treatment.

The decision of the Industrial Commission is based upon substantial evidence that Dilulo does not need treatment for his L4–5 disc at this time. As noted by the employer if Dilulo "merely seeks to ensure that his medical benefits remain open, such position is consistent with the Industrial Commission's decision."

## IV.

### CONCLUSION

The decision of the Industrial Commission is affirmed.

Justices TROUT, EISMANN, BURDICK and JONES concur.