95 P.3d 628

Karen KONVALINKA, Claimant–
Respondent,

v.

BONNEVILLE COUNTY, Employer, and
State Insurance Fund, Surety,
Defendants–Appellants.

No. 29324.

Supreme Court of Idaho,
Boise, May 2004 Term.

July 21, 2004.

Law Office of Steven R. Fuller, Preston, for appellants. Mr. Fuller argued.

Cooper & Larsen, Pocatello, for respondent. Gary L. Cooper argued.

## SUBSTITUTE OPINION

## THE COURT'S PRIOR OPINION DATED JUNE 30, 2004 IS HEREBY WITHDRAWN.

EISMANN, Justice.

This is an appeal from a finding by the Industrial Commission that repetitive motion during long hours of work, which aggravated a pre-existing arthritic condition in the claimant's thumbs, constituted an accident under the worker's compensation law. Because the finding of an accident is unsupported by the evidence, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

Karen Konvalinka (Claimant) is a court reporter who is employed by the State of Idaho and works for a district judge in Bonneville County. In March 1997, she experienced bilateral thumb pain during a three-week trial in which she worked long hours recording testimony during the day and typing transcripts at night. After the trial was over, the pain went away, and she did not miss any work or seek medical treatment. She had a light work schedule until August 1997, when her thumb pain returned. She then sought medical treatment. It is undisputed that she had a pre-existing medical condition of bilateral osteoarthritis at the base of her thumbs and that her employment aggravated that condition, making it symptomatic, but did not cause it. Her condition is quite common in females of her age. Her bilateral thumb pain has continued since August 1997.

On January 5, 2000, the Claimant filed a claim for worker's compensation benefits. The Industrial Commission found that the aggravation of her pre-existing condition in March and August 1997 constituted an accident, that the aggravation in August 1997 was permanent, and that she was therefore entitled to benefits. The employer and surety then timely appealed.

## II. ANALYSIS

When this Court reviews a decision of the Industrial Commission, it exercises free review over questions of law, but reviews questions of fact only to determine whether substantial and competent evidence supports the Commission's findings. *Eacret v. Clearwater Forest Indus.*, 136 Idaho 733, 40 P.3d 91 (2002). Substantial and competent evidence is relevant evidence that a reasonable mind might accept to support a conclusion. *Id.* Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. *Id.* This Court does not weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented. *Id.* Whether the Commission correctly applied the law to the facts is an issue of law over which we exercise free review. *Combes v. State, Indus. Special Indemnity Fund*, 130 Idaho 430, 942 P.2d 554 (1997).

An employee may obtain worker's compensation benefits for aggravation or acceleration of a pre-existing condition only if the aggravation or acceleration results from an industrial accident as defined by the worker's compensation law. *Koch v. Micron Technology*, 136 Idaho 885, 42 P.3d 678 (2002); *Nelson v. Ponsness–Warren Idgas Enterprises*, 126 Idaho 129, 879 P.2d 592 (1994). An "accident" is defined as "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the indus-

try in which it occurs, and which can be reasonably located as to time when and place where it occurred, causing an injury." *Spivey v. Novartis Seed Inc.*, 137 Idaho 29, 43 P.3d 788 (2002); IDAHO CODE § 72–102(17)(b) (1999). An "injury" is defined as "a personal injury caused by an accident arising out of and in the course of any employment covered by the worker's compensation law." *Spivey v. Novartis Seed Inc.*, 137 Idaho 29, 43 P.3d 788 (2002); IDAHO CODE § 72–102(17)(a) (1999). The definition of "injury" is further restricted by Idaho Code § 72–102(17)(c), which states that the term "shall be construed to include only an injury caused by an accident, which results in violence to the physical structure of the body." The Industrial Commission held that the claimant in this case suffered an accident because she has reasonably located the times (March and August 1997) and places (Bonneville County Courthouse) where her work activities aggravated her pre-existing osteoarthritis, causing it to become symptomatic.

■ Although an accident may and usually does cause the onset of pain, an "accident" under the worker's compensation law is not simply the onset of pain, *McGee v. J.D. Lumber*, 135 Idaho 328, 17 P.3d 272 (2000); *DeMain v. Bruce McLaughlin Logging*, 132 Idaho 782, 979 P.2d 655 (1999); *Perez v. J.R. Simplot Co.*, 120 Idaho 435, 816 P.2d 992 (1991). To establish that a mishap or event occurred, an injured worker must do more than show an onset of pain while at work. *Painter v. Potlatch Corp.*, 138 Idaho 309, 63 P.3d 435 (2003); *McGee v. J.D. Lumber*, 135 Idaho 328, 17 P.3d 272 (2000). Worker's compensation is not meant or intended to be life or health insurance; it is purely accident and occupational disease insurance. *Nycum v. Triangle Dairy Co.*, 109 Idaho 858, 712 P.2d 559 (1985). The elimination of the accident requirement would transform worker's compensation into health insurance. Any such change in the law is the province of the legislature, not this Court or the Industrial Commission.

■ The Industrial Commission found that the hard work performed by the claimant in March and August 1997 constituted an accident that aggravated her pre-existing osteoarthritis. Hard work is not an accident. *Nycum v. Triangle Dairy Co.*, 109 Idaho 858, 712 P.2d 559 (1985). In this case, there is no evidence of an unexpected, undesigned, and unlooked for mishap, or untoward event other than the onset of symptoms from claimant's pre-existing condition. That is not sufficient to constitute an accident under the worker's compensation law. *McGee v. J.D. Lumber*, 135 Idaho 328, 17 P.3d 272 (2000); *DeMain v. Bruce McLaughlin Logging*, 132 Idaho 782, 979 P.2d 655 (1999); *Tupper v. State Farm Ins.*, 131 Idaho 724, 963 P.2d 1161 (1998); *Combes v. State, Indus. Special Indem. Fund*, 130 Idaho 430, 942 P.2d 554 (1997); *Nelson v. Ponsness–Warren Idgas Enters.*, 126 Idaho 129, 879 P.2d 592 (1994); *Perez v. J.R. Simplot Co.*, 120 Idaho 435, 816 P.2d 992 (1991); *Dolph v. Hecla Mining Co.*, 119 Idaho 715, 810 P.2d 249 (1991).

The Claimant cites *Wynn v. J.R. Simplot Co.*, 105 Idaho 102, 666 P.2d 629 (1983), and *Spivey v. Novartis Seed Inc.*, 137 Idaho 29, 43 P.3d 788 (2002), to support her argument that there was sufficient evidence of an accident in this case. In *Wynn*, the claimant suffered a ruptured cervical disc while performing his usual work activities. We held that if the strain of the claimant's ordinary and usual work was sufficient to overcome the resistance of his body, even if his spine was weak and predisposed to a ruptured disc, the incident constituted an accident and the injury was compensable. In *Spivey*, the claimant was performing her usual work activity of sorting seeds, and she suffered a rotator cuff tear while reaching across the conveyor belt to remove a bad seed. We affirmed the finding of the Industrial Commission that such incident constituted an accident and that her injury was compensable. Both of those cases certainly stand for the proposition that an "accident" does not require a slip or fall, external trauma to the worker's body, or unusual exertion. They do not eliminate the requirement of an accident, however, nor do they hold that the mere manifestation of symptoms is sufficient to constitute an accident. In both cases, the strain of the claimant's ordinary and usual work resulted in violence to the physical structure of the body—in one instance a rup-

**480**

tured disc and in the other a torn rotator cuff.

 "Accident" and "injury" are certainly interrelated definitionally. An accident must cause an injury, and an injury must be caused by an accident. IDAHO CODE § 72–102(17) (1999). The terms are not synonymous, however. *Swan v. Williamson,* 74 Idaho 32, 257 P.2d 552 (1953). In this case, the repetitive motion of the Claimant's thumbs while working long hours in March and August 1997 caused her pre-existing osteoarthritis to become symptomatic. In *Nelson v. Ponsness–Warren Idgas Enters.,* 126 Idaho 129, 879 P.2d 592 (1994), we rejected the argument that repetitive hand motions that caused a pre-existing carpal tunnel condition to become symptomatic could be considered a series of mini-traumas constituting an accident. In *DeMain v. Bruce McLaughlin Logging,* 132 Idaho 782, 979 P.2d 655 (1999), we reversed the Industrial Commission's holding that exposure to prolonged vibrations which aggravated a pre-existing degenerative disk disease constituted an accident. In *Tupper v. State Farm Ins.,* 131 Idaho 724, 963 P.2d 1161 (1998), we upheld the Commission's finding that a claimant who suffered shoulder and upper back pain due to the repetitive use of her arm at work failed to show that her condition was caused by an accident. Such aggravation of a pre-existing condition caused by repetitive motion does not become an accident simply because the claimant can locate the time period when the pre-existing condition became symptomatic. The findings of the Industrial Commission do not show any accident as defined in Idaho Code § 72–102(17). We therefore reverse the order of the Industrial Commission.

### III. CONCLUSION

The order of the Industrial Commission is reversed. Costs on appeal are awarded to the appellant.

Chief Justice TROUT, and Justices SCHROEDER and BURDICK concur.

Justice KIDWELL dissents.