## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 42473-2014

SCOTT M. CHADWICK, )
                                                          )
    Claimant-Appellant, )
                                                           )
v. )
                                                           )
MULTI-STATE ELECTRIC, LLC, )
Employer, and IDAHO STATE )
INSURANCE FUND, Surety, )
                                                           )
    Defendants-Respondents. )
                                                           )

Boise, November 2015 Term

2015 Opinion No. 109

Filed: November 25, 2015

Stephen W. Kenyon, Clerk

---

Appeal from the Industrial Commission of the State of Idaho.

The order of the Industrial Commission is <u>affirmed</u>.

Scott M. Chadwick argued on behalf of himself.

Neil D. McFeeley; Eberle, Berlin, Kading, Turnbow, & McKlveen, Chartered; Boise; argued for Respondents.

---

EISMANN, Justice.

This is an appeal from an order of the Industrial Commission holding that the claimant did not prove he was entitled to benefits under the Worker's Compensation Law for an alleged back injury. We affirm the order of the Commission.

### I.
### Factual Background.

On March 18, 2013, Scott M. Chadwick ("Claimant") filed a complaint with the Industrial Commission seeking benefits under the Worker's Compensation Law from his employer, Multi-State Electric, LLC ("Employer"), and its surety, Idaho State Insurance Fund ("Surety"). Claimant alleged that he had suffered back injuries as a result of an accident on May

29, 2012, and an accident on July 26, 2012. He went to various medical providers complaining of back pain, and on October 8, 2012, he had an MRI of his low back. The MRI showed that he had osteoarthritic changes in his lumbar spine and at L4-L5 he had a right paracentral disc protrusion with mild reduction of spinal canal caliber and localized mass effect in the region of the right L5 nerve root.

The matter was tried to a referee, but the Commission did not adopt the referee's recommendations. After considering the Claimant's prehearing deposition, the testimony presented during the evidentiary hearing before the referee, and the exhibits, the Commission issued its findings of fact, conclusions of law, and order. The Commission found that Claimant failed to prove that he suffered an injury from a workplace accident in the May event and that he failed to prove that the July event occurred. The Commission alternatively found that he had failed to provide timely notice to Employer of both claimed accidents, and that he failed to prove that Employer was not prejudiced by the failure to give timely notice. Therefore, he was denied benefits. Claimant then timely appealed.

## II.
## Did the Referee Err in Failing to Order the Defendants to Produce Discovery?

Claimant's claim was set for prehearing and hearing before a referee. Claimant contends that at the prehearing, he requested that the Defendants be ordered to produce certain discovery and that the referee erred in failing to address discovery in violation of Rule 8 of the Commission's Judicial Rules of Practice and Procedure. The record reflects that on May 31, 2013, the Defendants served responses to Claimant's request for discovery. On September 20, 2013, Claimant filed a document requesting a hearing as soon as possible to determine his eligibility for benefits. The referee ordered that he submit a request that complied with Rule 8 of the Commission's Judicial Rules of Practice and Procedure. On December 6, 2013, Claimant filed a request for calendaring in which he stated that his claim was ready for hearing. His request listed the issues to be heard, which did not include any reference to an alleged failure to produce documents requested in discovery. On December 11, 2013, the referee issued an order setting his claim for a telephonic prehearing on December 20, 2013, and for a hearing on January 31, 2014. The order listed the issues to be decided at the hearing. On December 24, 2013, after the prehearing, the referee issued an order amending the issues to be decided at the hearing.

2

Claimant contends that during the prehearing, he raised the issue of the Defendants' failure to produce all of the documents that he had requested, and the referee responded that it was not the appropriate time to address that issue. The record on appeal does not show what was discussed at the prehearing; it does not include any order regarding discovery issued by the referee; and it does not indicate that any issue regarding discovery was ever presented to or decided by the Commission. Because there is no indication that any issue regarding discovery was ever presented to the Commission, it is not preserved for appeal. *Ball v. Daw Forest Products Co.*, 136 Idaho 155, 160, 30 P.3d 933, 938 (2001).

### III.
### Did the Commission Abuse Its Discretion in Failing to Hold a Hearing to Determine whether the Hearing Should Have Been before the Commission?

In his request for hearing, Claimant stated, "It is necessary for the full Industrial Commission [sic] hear this claim." The subsequent order setting the case for a prehearing and hearing was issued by the referee. The referee presided over the evidentiary hearing, but the Commission issued its findings of fact, conclusions of law, and order based upon its own review of the evidence admitted during the hearing. Claimant contends that the Commission abused its discretion in failing to hold a conference with all parties present to consider whether the hearing should have been before the Commission, as it was permitted to do pursuant to Rule 8 of its Judicial Rules of Practice and Procedure.

Rule 8 states that the Commission may hold a conference with all parties to discuss "[w]hether the case should be heard by the full Commission because it is a case of first impression, presents a situation to overturn or modify precedent, involves novel or complex facts, or otherwise merits hearing by the full Commission rather than by a Referee." Jud. R. of Practice and Proc. 8(A)(8). Although in his request for hearing Claimant stated that the full Commission should hear his claim, he did not allege any facts that would bring it within the scope of Rule 8(A)(8). Therefore, because he failed to present that issue to the Commission in accordance with the requirements of Rule 8, he has failed to show that the Commission abused its discretion in failing to hold a conference to determine whether the Commission should preside over the hearing.

# IV.
## Did the Commission Err in Holding that Claimant Was Not Entitled to Benefits?

**A. The May 2012 incident.** In his complaint, Claimant alleged that he suffered an injury as a result of an industrial accident on May 29, 2012. On that day he sought treatment from a chiropractor, whose records show that Claimant reported that he suffered a work-related injury on May 26, 2012, when he jumped out of a truck and experienced low-back pain that radiated through his right side. During Claimant's deposition, he testified that he did not recall telling the chiropractor that he hurt himself at work. He stated: "When I say 'jump,' I don't mean I'm jumping two feet off a cliff. It is just stepping, jumping out of the van. It is not like a hop, jump." Claimant regularly obtained treatment from the chiropractor until early August 2012, and throughout that treatment the chiropractor diagnosed Claimant as having a "Lumbar sprain/strain." Finally, the chiropractor recommended that he see a physician.

When he was interviewed by Surety's investigator, Claimant explained that he thought his low-back problems were the result of cumulative insults to his back during the twenty years he had worked as an electrician. He testified in his deposition that as work began picking up during the spring of 2012, he began to experience low-back pain, which he associated with the general demands of his work. He stated that only after reviewing his medical records in September 2012 did he remember the May incident.

The Commission found that Claimant had proved that the May incident occurred, but he failed to prove that the event caused damage to the physical structure of his body. Alternatively, the Commission held that Claimant had failed to give Employer timely notice of the alleged accident.

Idaho Code section 72-701 states, "No proceedings under this law shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty (60) days after the happening thereof . . . ." Such notice must state "in ordinary language the time, place, nature and cause of the injury." I.C. § 72-702. It is uncontroverted that Claimant did not give Employer written notice within sixty days of the May incident.

However, Idaho Code section 72-704 provides that the failure to give timely written notice shall not bar a claim for benefits "if it is shown [(a)] that the employer, his agent or representative had knowledge of the injury . . . or [(b)] that the employer has not been prejudiced

4

by such delay or want of notice." Oral notice may provide an employer with knowledge of the injury, but such oral notice must occur within the statutory time for giving written notice. *Taylor v. Soran Rest., Inc.*, 131 Idaho 525, 527, 960 P.2d 1254, 1256 (1998). The Commission found that the Defendants did not have actual knowledge of the May event within the sixty-day period. Claimant contends that Employer had the required notice because, within sixty days after the May incident, Employer knew that Claimant had back pain for which he was seeking medical care. The Commission correctly held that Employer's "knowledge that Claimant's back hurt or that he received treatment for back pain is insufficient to meet the notice requirement."

The word *injury* as that term is used in the Worker's Compensation Law means "a personal injury *caused by an accident* arising out of and in the course of any employment covered by the worker's compensation law." I.C. § 72-102(18)(a) (emphasis added). The word *accident* means "an unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be reasonably located as to time when and place where it occurred, *causing an injury*." I.C. § 72-102(18)(b) (emphasis added). The words *accident* and *injury* are interrelated definitionally because an accident must cause an injury and an injury must be caused by an accident. *Konvalinka v. Bonneville Cnty.*, 140 Idaho 477, 480, 95 P.3d 628, 631 (2004). "The terms are not synonymous, however." *Id*.

Knowledge of the injury requires notice that the physical condition was caused by an accident arising out of and in the course of the claimant's employment. Thus, a claimant who complained of pain was not entitled to benefits where there was no evidence that the employer had actual knowledge of a work-related injury within the statutory time for giving notice. *Taylor*, 131 Idaho at 528, 960 P.2d at 1257. Similarly, in *Page v. McCain Foods, Inc.*, 141 Idaho 342, 109 P.3d 1084 (2005), we held that the oral notice given by a claimant to her employer was sufficient where it "provided the supervisor with knowledge of the injury *and* the source of the injury." *Id*. at 346, 109 P.3d at 1088 (emphasis added). Likewise, in *Murray-Donahue v. National Car Rental Licensee Ass'n*, 127 Idaho 337, 900 P.2d 1348 (1995), we held that an employee's "vague statement to her supervisor that she was having back problems is insufficient to give the required notice of an accident and injury under I.C. § 72-701 and § 72-702, particularly in view of her prior history of back problems." *Id*. at 339, 900 P.2d at 1350.

Claimant contends that once Employer was aware that Claimant was seeking medical care for his back problems, Employer should have initiated an investigation to determine whether

5

such problems were caused by an accident arising out of and in the course of his employment. Claimant cites no authority for that assertion, and it is contrary to the requirements of Idaho law that the claimant must give the employer timely notice of the accident, I.C § 72-701, and that such notice must include the time, place, nature, and cause of the injury, I.C. § 72-702.

The Commission found that within sixty days after the May 2012 incident, Claimant did not give Employer the required written notice of the alleged accident and the Defendants did not have knowledge of the alleged injury. Therefore, Claimant had the burden of proving that Employer was not prejudiced by such delay in giving notice. *Jackson v. JST Mfg*., 142 Idaho 836, 837, 136 P.3d 307, 308 (2006); I.C. § 72-704.

The Commission found that "Claimant has set forth no affirmative proof establishing that Multi-State Electric was not prejudiced by either reporting delay." The Commission stated that "there is inadequate evidence from which to determine that Employer would not have obtained more accurate and complete material information, had it been able to investigate sooner"; that "Claimant's reporting delay may have hampered Employer's ability to provide reasonable medical treatment . . . [, which] may have resulted in quicker, more complete healing of Claimant's back condition"; and that "Claimant's ability to work may have been compromised by other intervening causes during the delay." The Commission concluded that "Claimant has failed to meet his burden of proving Employer was not prejudiced by his respective delays in reporting his industrial accidents."

"Because the Commission is the fact finder, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous. This Court does not weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Eacret v. Clearwater Forest Indus*., 136 Idaho 733, 735, 40 P.3d 91, 93 (2002) (citation omitted). On appeal, Claimant does not present any argument showing that the Commission's finding that he failed to prove lack of prejudice was clearly erroneous. Therefore, the Commission did not err in holding that Claimant failed to prove that he was entitled to benefits for the May incident.

**B. The July incident.** Claimant alleged in his complaint that he suffered an industrial accident on July 26, 2012, while loading and unloading a trencher. He saw a physician on August 6, 2012. The physician's note dated August 6, 2012, recites that the reason for the appointment was "back pain, low right side started last thur [August 2, 2012]"; that Claimant

6

"[h]as had chronic back pain for many years, manages it with ibuprofen and chiropractic"; and that he was "[h]aving severe pain in lower right back today, [and] does not recall recent injury or strain." Claimant testified in his deposition that he told the physician "my back was hurting, and I don't know how, specifically, I hurt myself. It is just that it is hurting right now, and I need some pain relief." Claimant returned to the same medical provider on August 17, 2012, and was seen by a physician's assistant. Regarding the history of the present illness, the progress note for that visit states that Claimant complained of "Old Injury 'cumulative injury' " and that he denied an "Acute Injury."

On August 13, 2012, Claimant went to another chiropractor. In the history form that he completed, Claimant was asked whether the symptoms began suddenly or gradually, and he circled the option that the symptoms began gradually. The history form also states that he experienced the symptoms "on/off for year." He later testified that after reviewing his medical records in September and October, it came together that he had hurt his back when moving a trencher on July 26, 2012.

The Commission found that Claimant failed to prove that the July 2012 event occurred. Alternatively, the Commission also found that Claimant failed to give timely notice of the alleged accident and failed to prove that such lack of timely notice did not prejudice Employer. As a result, the Commission held that Claimant was not entitled to benefits under the Worker's Compensation Law.

"The burden of proof in an industrial accident case is on the claimant." *Johnson v. Bennett Lumber Co.*, 115 Idaho 241, 244, 766 P.2d 711, 714 (1988). "[C]ompensation for personal injury or death will be granted only if it be shown that an industrial accident has caused the affliction. [Claimant] had the burden of proving both elements, the accident and its causation of the injury." *Tipton v. Jansson*, 91 Idaho 904, 907, 435 P.2d 244, 247 (1967). "To establish that a mishap or event occurred, an injured worker must do more than show an onset of pain while at work. Worker's compensation is not meant or intended to be life or health insurance; it is purely accident and occupational disease insurance." *Konvalinka*, 140 Idaho at 479, 95 P.3d at 630. "[A]ggravation of a pre-existing condition caused by repetitive motion does not become an accident simply because the claimant can locate the time period when the pre-existing condition became symptomatic." *Id.* at 480, 95 P.3d at 631.

The Commission found that in his recorded statement to the Surety, in his prehearing deposition, and at other times, "Claimant has clearly expressed the view that he does not, in fact, attribute his low-back condition to either or both of the alleged accidents. Rather, Claimant believes that his low-back condition is the result of cumulative insults to his low back, i.e. long term wear and tear related to his work as an electrician." The Commission also found:

> On September 26, 2012, Claimant advised Surety, during its investigational interview, that he could recall no specific injurious event leading to his low back pain. Instead, he believed it was the result of a cumulative injury over time, during his employment with both Multi-State Electric and prior employers. He denied any specific accident, asserting that his pain began around the end of July 2012 or the beginning of August.

Claimant points to his letter to Surety dated November 6, 2012, in which he wrote: "I now know the details of my work related accident and how it happend [sic]," but only after he had previously given his statement. He wrote about helping lift the tongue of the trailer holding the trencher onto the vehicle hitch and unloading the trencher from the trailer, but did not report any sudden onset of pain in doing so. Claimant offered into evidence his account of texts he sent to Employer, including one on August 15, 2012, in which he wrote, regarding his medical condition, that he "didn't have accident but work related." He also submitted copies of various e-mails he sent, and in one dated October 17, 2012, he stated that "i [sic] didnt [sic] have an accident at work, but its [sic] work related."

Claimant also points to a medical report dated July 30, 2013, (over one year after the alleged incident) which recites:

> He states that he began to have back pain and right radicular leg pain in May of 2012. He denies any specific injury, but states that he does wear a tool belt and he was doing a significant amount of bending and twisting at that time. He began to have severe radicular symptoms in July of 2012, while using a trencher at work.

The medical report also stated that there was a dispute as to whether it was a worker's compensation injury. The Commission noted that the physician also stated in the chart note that "lifting a trencher could have caused Claimant's L4-5 disc herniation." However, the Commission stated that the opinion "states a possibility, but it is insufficient to establish, to a reasonable medical probability, that lifting a trencher to attach it to a truck hitch on July 26, 2012 caused this injury." "A claimant has the burden of proving a probable, not merely a possible,

8

causal connection between the employment and the injury or disease." *Beardsley v. Idaho Forest Indus.*, 127 Idaho 404, 406, 901 P.2d 511, 513 (1995).

The Commission held that Claimant failed to prove that the July incident occurred. It found that he "reviewed his medical records and attempted to ascertain what he was doing at or about the time the care was rendered, not because he attaches any significance to the incidents, but because he perceived a need to identify a particular incident." "Because the Commission is the finder of fact, its conclusions on the credibility and weight of the evidence will not be disturbed on appeal unless they are clearly erroneous." *Henry v. Dep't of Correction*, 154 Idaho 143, 145, 295 P.3d 528, 530 (2013). "This Court does not re-weigh the evidence or consider whether it would have reached a different conclusion from the evidence presented." *Clark v. Shari's Mgmt. Corp.*, 155 Idaho 576, 579, 314 P.3d 631, 634 (2013). Claimant has failed to show that the Commission's finding that he failed to prove an injury caused by an industrial accident as a result of the alleged July incident is not clearly erroneous.

Claimant contends that the Commission failed to liberally construe the facts in his favor. "The terms of Idaho's workers' compensation statute are liberally construed in favor of the employee. However, conflicting facts need not be construed liberally in favor of the worker." *Mazzone v. Texas Roadhouse, Inc.*, 154 Idaho 750, 755, 302 P.3d 718, 723 (2013) (citation omitted).

## V.
### Did the Commission Err in Misreading or Failing to Give Sufficient Weight to Medical Records?

Claimant contends that the Commission misinterpreted the patient history he completed for his August 13, 2012, chiropractor visit. In response to the question, "When did the symptom begin?" Claimant contends that he wrote, "A week ago," and that the Commission misread the *A* as being a *4*, thereby erroneously concluding that the symptoms began "well before July 26." Claimant filed a motion for reconsideration raising that issue along with others, and the Commission denied the motion, writing: "Having considered Claimant's motion, and having reviewed the record on reconsideration, we find that the substantial and competent evidence in the record supports the decision as it stands." Claimant has not shown how the alleged misinterpretation of his handwriting was material.

9

One week before the August 13 medical visit, Claimant saw a medical provider for back pain, and the chart note states that he had chronic pain for years and did not recall a recent injury or strain.[1] Four days after the August 13 medical visit, he saw a medical provider for back pain that he said started on August 2, 2012, and the chart note states that Claimant had an old, cumulative injury that was exacerbated by repetitive work.[2] Ten days after the August 13 medical visit, he again saw a medical provider for low-back pain, and the chart note stated that he suffered low-back pain on May 29, 2012, caused by lifting and bending at work.[3] Thus, the Commission's conclusion that Claimant's symptoms began well before July 26, 2012, was supported by other medical records.

Claimant argues that "[t]here are no medical records in evidence refuting the work related nature of Claimant's injuries," and therefore the Commission's findings are not supported by the evidence. It was not enough for Claimant to show that his back pain was *work related*. He had to "prove to a reasonable degree of medical probability that the injury for which benefits are claimed is causally related to an accident occurring in the course of employment." *Stevens-McAtee v. Potlatch Corp.*, 145 Idaho 325, 332, 179 P.3d 288, 295 (2008). The injury must have been "caused by an accident, which results in violence to the physical structure of the body," I.C. § 72-102(18)(c), and the accident must have been an "unexpected, undesigned, and unlooked for mishap, or untoward event, connected with the industry in which it occurs, and which can be

---

[1] The August 6, 2012, chart note states that the reason for the appointment was: "[B]ack pain, low right side started last thur. [August 2, 2012] has been seeing a chiro for low back since June. [P]ain got getting [sic] worse today." The history of present illness states: "46 year old male presents with c/o Low Back Pain Acute low back pain for several days. Has had chronic back pain for many years, manages it with ibuprofen and chiropractor. Having severe pain in lower right back today, does not recall recent injury or strain." The history also stated that he complained of "past symptoms" and "Chronic Pain" and denied "Leg Pain."

[2] The August 17, 2012, chart note states that the reason for the appointment was, "R lower back pain radiating down leg." The history of present illness stated that Claimant complained of "Low Back Pain," "Old Injury 'cumulative injury,'" and "burning/shooting pain right leg," and that he "Denies: Acute Injury." It also stated that he complains of "injury related to work exacerbated by, onset was at work, repetitive motion, labor."

[3] The August 23, 2012, chart note states that the reason for the appointment was, "DOI 5-29-2012 crawls into spaces, lifting, rt leg constant pain, cramping, walks at an angle." In the history of the present illness, the chart note states:

> [I]njury occurred at work DOI: 5/29/12 suffererd [sic] injury to the low back while on the job. No falls or trauma, but feels that repetitive lifting and bending activities while on the job is the cause of his back pain. . . . He reports that he has seen chiropractors from time to time in the past, but denies prior serious back injuries of significance.

reasonably located as to time when and place where it occurred," I.C. § 72-102(18)(b). In *Konvalinka*, the claimant's pain was work related in that her work aggravated her pre-existing medical condition, but the aggravation of her condition did not constitute an accident. 140 Idaho at 479, 95 P.3d at 630. "The law in Idaho clearly states that an employee who suffers from a pre-existing condition must establish that his or her disease was aggravated by an accident before they are entitled to recover." *McGee v. J.D. Lumber*, 135 Idaho 328, 335, 17 P.3d 272, 279 (2000). In *Tupper v. State Farm Insurance*, 131 Idaho 724, 963 P.2d 1161 (1998), we upheld the denial of benefits because while the claimant's "doctor opined that the underlying pain and exacerbation of pain were work related, the doctor did not provide any medical evidence connecting the aggravation of Tupper's condition to an unexpected, undesigned and unlooked for mishap or untoward event, reasonably identifiable as to the time when and the place where it occurred." *Id*. at 728, 963 P.2d at 1165. Being work related is not synonymous with being caused by an accident, which was apparently Claimant's understanding when he texted and e-mailed that he did not have an accident but his condition was work related.

Finally, Claimant contends that the Commission erred in failing to realize that his treatment for the May incident ended June 26, 2012, and that his treatment for the July incident began on July 30, 2012. On August 23, 2012, Claimant sought treatment from a medical provider, and the chart note reflects under the heading of "History of Present Illness, Work Comp Injury" the statement that "injury occurred at work DOI: 5/29/12 suffererd [sic] injury to the low back while on the job." Thus, on August 23, 2012, Claimant was attributing his back pain to the May 29, 2012, incident, not to a subsequent July 2012 incident. Claimant has failed to show that the Commission erred in evaluating the evidence.

## VI.
### Are the Defendants Entitled to an Award of Attorney Fees?

The Defendants seek an award of attorney fees pursuant to Idaho Appellate Rule 11.2, which provides that an attorney's or party's signature on a document constitutes a certification that: (a) "to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law" and (b) "it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." I.A.R. 11.2. If either certification is inaccurate, this Court can impose an

appropriate sanction, which may include requiring the signer to pay the opposing party a reasonable attorney's fee. *Id*.

In *Giles v. Eagle Farms, Inc.*, 157 Idaho 650, 339 P.3d 535 (2014), we held that a party seeking an award of attorney fees under the rule must identify the document that was signed in violation of the rule. *Id*. at 659, 339 P.3d at 544. In their brief, the Defendants did not identify the document signed by Claimant in violation of Rule 11.2. Therefore, we decline to award sanctions.

## VII.
## Conclusion.

We affirm the order of the Industrial Commission, and we award Respondents costs, but not attorney fees, on appeal.


Justices BURDICK, HORTON, and Justice Pro Tem KIDWELL **CONCUR.**


J. JONES, Chief Justice, specially concurring.

I concur in the Court's opinion, but write to express continuing concern regarding questionable procedural practices employed by the Idaho Industrial Commission. As I pointed out in *Kelly v. Blue Ribbon Linen Supply, Inc.*, 2015 WL 6657377, *5 (Nov. 2, 2015), the Commission has recently tended to wholly discard the findings of fact, conclusions of law and recommendation made by a referee and adopt its own. The Commission did so in this case, choosing not to adopt a single finding of fact made by the Referee. Nor did the Commission include the Referee's recommended decision in the record on appeal.[4]

The problem with this type of practice is that the Court does not have a complete picture of the case when it arrives for determination on appeal. When a worker's compensation case comes before this Court, we "will not disturb the Commission's factual findings if they are supported by substantial and competent evidence." *Knowlton v. Wood River Med. Ctr.*, 151 Idaho 135, 140, 254 P.3d 36, 41 (2011). This recognizes that the Commission is the trier of fact, hears the live testimony of witnesses, and is in a position to make credibility determinations.

---

[4] When asked at oral argument before the Court whether they would agree to augment the Referee's decision into the record, counsel for both parties agreed and the decision was subsequently provided for the Court's record.

12

"Determining the credibility of witnesses and evidence is a matter within the province of the Commission." *Id.* at 144, 254 P.3d at 45. This Court has divided credibility into two categories—observational and substantive. *Id.* "Observational credibility goes to the demeanor of [a witness] on the witness stand and it requires that the Commission actually be present for the hearing in order to judge it." *Id.* Substantive credibility does not require the Commission's actual presence but may be judged from "numerous inaccuracies and conflicting facts." *Id.* Thus, if the Commission is not present to hear live testimony or if it does not adopt credibility determinations made by the referee who conducted the hearing, its conclusions regarding observational credibility are unsupported.

This record discloses at least two rather obvious instances where the Commission, which was not present to hear testimony, made findings based at least in part on observational credibility, casting doubt on their reliability. In her proposed findings, the Referee found that "Claimant's testimony regarding a May 29, 2012, industrial accident lacks credibility and is unpersuasive." This finding was based, in part, on testimony presented at the hearing before the Referee. The Commission did not adopt or incorporate this or any other finding made by the Referee into its decision. Yet, the Commission made its own finding, based in part on Chadwick's testimony, that an alleged accident may well have occurred—"we believe that Dr. Rosenlund's records, coupled with Claimant's testimony, do tend to establish that an event did occur, whether on May 26th, May 29th or some other date in late May, we cannot determine." Since the Commission neither heard Chadwick's testimony nor adopted the Referee's credibility determination based on his testimony, it is not entirely clear how the Commission could make a credibility determination based on such testimony. It should be noted that this issue was not critical to the ultimate outcome of the case.

On another peripheral issue, the Referee found that "Claimant most likely intentionally omitted reporting the May 2012 injury to the claims investigator." Referencing this finding, the Referee later stated, "[a]s discussed, above, Claimant was most likely intentionally withholding information regarding his May 2012 injury." The Commission neither adopted the Referee's first finding nor made any comparable finding of its own and, therefore, had no basis for making the second one. Nevertheless, the Commission said, "[a]s discussed, above, Claimant was most likely intentionally withholding information regarding his May 2012 injury." Oops!

13

These instances of shoddy fact-finding do not inspire a great deal of confidence in the Commission's fact-finding abilities. If the Commission persists in snatching cases away from its referees, it should more carefully review the record and, where observational credibility clearly comes into play, either make findings consistent with those made by the referee, who was present to hear the testimony, or indicate why the referee's determination of observational credibility is incorrect.

A further problem with the Commission's practice of disregarding a referee's proposed decision is that the Commission does not indicate why it deems the referee's decision unworthy to the extent that not even one finding of fact is approved or adopted. A party to a worker's compensation dispute, just like a litigant in any other type of administrative proceeding, has a right to a reasoned decision and, where the findings of the Commission depart from those of the referee, there should be an explanation. Although the Commission has its own procedural rules and is not bound by the Idaho Administrative Procedure Act (IDAPA), there is no reason why the Commission should not observe accepted practice for IDAPA proceedings where the administrative agency is utilizing the services of a hearing officer. In *Pearl v. Idaho State Bd. of Medicine*, 137 Idaho 107, 112, 44 P.3d 1162, 1167 (2002) the Court stated:

> Where the agency's findings disagree with those of the hearing panel, this Court will scrutinize the agency's findings more critically. *Woodfield v. Board of Professional Discipline*, 127 Idaho 738, 746, 905 P.2d 1047, 1053 (Ct. App. 1995). As the Court of Appeals noted in *Woodfield*, there is authority for courts to impose on the agency an obligation of reasoned decision making that includes a duty to explain why the agency differed from the administrative law judge. *Woodfield*, 127 Idaho at 746, 747 n. 3, 905 P.2d at 1053 n.3.

Thus, a worker's compensation litigant is entitled to a reasoned decision, which includes an explanation for the Commission's departure from findings made by a referee. Here, the Commission offered no reasons for its decision to jettison the Referee's proposed findings.

Even though they arrived there by slightly different routes, both the Commission and the Referee reached the same conclusion—that Chadwick's complaint should be dismissed with prejudice. The two errant findings made by the Commission in this case were not critical to the outcome. The Court's opinion does not rely upon the faulty fact-finding and, therefore, I concur in the decision.

14